IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CRAIG HOWARD POSTEL,<br><br>    Defendant. | Case No. CR05-0103<br><br>ORDER |

_____

This matter comes before the court pursuant to the government's motion for detention made at the defendant's initial appearance before a judicial officer. The court held an evidentiary hearing on this motion on December 13, 2005, at which the defendant was present and represented by Stan Roush. The government was represented by Assistant United States Attorney Ian Thornhill. The government's motion for detention is granted.

The defendant is charged with the September 2005 knowing possession of child pornography. The case arises out of a search warrant executed at the defendant's residence. Among other things, police confiscated the defendant's computer containing over 300 images of child pornography. Some of the images have been moved from the file sharing software to other portions of the computer. When interviewed, the defendant claimed that he was downloading these images to assist the Federal Bureau of Investigation.

The defendant is also the subject of a recent investigation of child abuse. A 12-year-old female friend of the defendant's daughter has alleged that the defendant has sexually abused her for the past four years. A number of the allegations made by the girl have been corroborated by the police including the confiscation of a sexual object that the 12-year-old claimed was used during the abuse. The defendant also admitted to the police

1

that the girl had watched pornographic videos at his residence but denied permitting this activity. The defendant is currently unemployed. He has worked as a crossing guard through the Cedar Rapids Community School District. He was been unemployed for five years prior to that. He obtained his GED while serving in the Navy. He was discharged from the Navy in 1984 due to his alcoholism.

The defendant is not married. He has an 11-year-old daughter. The daughter lives with her mother although she had been living with the defendant for the past five years.

## CONCLUSIONS OF LAW

Pursuant to Title 18, United States Code § 3142(e), the judicial officer must determine whether any condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community in deciding whether to grant the government's motion for detention. Detention can be based on a showing either of dangerousness or risk of flight, both are not required. United States v. Fortna, 769 F.2d 243 (5th Cir. 1985). The standard is "reasonable assurance"; the court cannot order the detention because there are no conditions which would guarantee appearance and safety. United States v. Orta, 760 F.2d 887 (8th Cir. 1985). The grounds relied upon by a judicial officer to support a finding that no condition or combination of conditions will reasonably assure the safety of any other person or the community must be supported by clear and convincing evidence. However, the burden of proof on the issue of risk of flight is by a preponderance of the evidence. United States v. Orta, supra.

The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning -- (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including -- (A) the person's

2

character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

The charge in this case alone does not reflect the severity of the danger posed by the defendant's release. Serious allegations of long-standing abuse of a minor have been at least partially corroborated by the police. They have been corroborated to the extent that this court believes that the release of this defendant will pose a serious danger to the community. The defendant's admissions alone are fairly alarming.

The court has examined the factors found in 18 U.S.C. § 3142(g) and weighed the evidence according to the standards noted above. Pursuant to the evidence and the rebuttable presumption of § 3142(e), the court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community upon the defendant's release. The defendant was advised in open court of his right to a prompt resolution of any appeal of this order.

Upon the foregoing,

IT IS ORDERED

1.      That the defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford the defendant reasonable opportunity for private consultation with counsel while detained.

December 15, 2005.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT