# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CRAIG HOWARD POSTEL,<br><br>　　　　Defendant. | No. 05-CR-103-LRR<br><br>**SENTENCING<br>MEMORANDUM** |

## *I. INTRODUCTION*

　　In this sentencing, the court decided a number of important legal issues. In calculating Defendant Craig Postel's advisory Sentencing Guidelines range,[1] the court decided (1) whether Defendant was subject to a two-level decrease pursuant to USSG

---

[1] Although application of the Sentencing Guidelines is no longer mandatory, [in the Eighth Circuit] district courts are still required to consult the Guidelines and take them into account in calculating a defendant's sentence. A district court must calculate a defendant's advisory Guidelines sentencing range based on his total offense level, criminal history category, and any appropriate departures. The court may also vary from the advisory Guidelines range based on the factors set forth in 18 U.S.C. § 3553(a) as long as the resulting sentence is reasonable. Proper application of the Guidelines "remains the critical starting point" for fashioning a reasonable sentence under § 3553(a), and a sentence within the properly calculated Guidelines range is presumed to be reasonable.

*United States v. Jeremiah*, 446 F.3d 805, 807 (8th Cir. 2006) (citing, in part, *United States v. Booker*, 543 U.S. 220, 264 (2005)).

§2G2.2(b)(1) and (2) whether Defendant was subject to a five-level increase pursuant to USSG §2G2.2(b)(5).

## II. PROCEDURAL BACKGROUND

On December 7, 2005, a grand jury charged Defendant in a one-count Indictment. Count 1 charged that, in September of 2005, Defendant knowingly possessed and attempted to possess images of minors engaged in sexually explicitly conduct, said visual depictions having been produced using materials that had been shipped and transported in interstate and foreign commerce, namely, a Dell computer, which was manufactured outside the State of Iowa, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

On January 13, 2006, Defendant and the government signed a plea agreement ("Plea Agreement"). Defendant agreed to plead guilty to Count 1 of the Indictment. He also agreed to waive indictment and plead guilty to a one-count Information that charged him with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). On the same date, Defendant appeared before Chief Magistrate Judge John A. Jarvey and pled guilty to Count 1 of the Indictment and Count 1 of the contemporaneously filed Information. On January 31, 2006, the court accepted Defendant's guilty pleas.

On May 30, 2006, the United States Probation Office ("USPO") prepared a Presentence Investigation Report ("PSIR"). On June 26, 2006, the USPO revised the PSIR. On July 17 and 26, 2006, the government and Defendant filed their respective sentencing memoranda and lodged objections to the PSIR.

On August 28, 2006, sentencing proceedings were held at a hearing ("Hearing") before the undersigned. Assistant United States Attorney Ian Thornhill represented the government. Defendant was personally present and represented by Attorney Stanley Roush. At the Hearing, the parties withdrew their objections to the PSIR. At the conclusion of the Hearing, the court pronounced sentence in a manner consistent with the

instant Sentencing Memorandum.

### III. STIPULATED FACTS

In the Plea Agreement, Defendant stipulated to a number of facts. *See* Plea Agreement at ¶ 21. Defendant admitted that, in September of 2005, he knowingly received and attempted to receive and possess visual depictions, including video clips, of minors engaged in sexually explicit conduct. *Id.* at ¶ 21(A). The images portrayed (1) children under the age of eighteen engaged in sexual intercourse with other minor children and adults, (2) the lascivious exhibition of the genital and pubic areas of minor children and (3) children under the age of eighteen masturbating. *Id.* Some of the images portrayed prepubescent children and children under the age of twelve engaged in sexually explicit conduct. *Id.* at ¶ 21(B). Some of the images portrayed sadistic, masochistic and violent conduct. *Id.*

Defendant stipulates that he knowingly received and possessed at least 600 images of child pornography. *Id.* at ¶ 21(C). Defendant used a computer, a file sharing software program called "LimeWire" and the Internet to receive some of this child pornography. *Id.* at ¶ 21(A). Defendant stored the child pornography on his Dell Dimension 2400 computer, which was manufactured outside the State of Iowa, and on compact discs. *Id.* The images traveled in interstate and foreign commerce before Defendant knowingly received and possessed them. *Id.*

### IV. ADVISORY SENTENCING GUIDELINES CALCULATION

The applicable sentencing guideline for Defendant's violations of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) and 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) is USSG §2G2.2(a)(2). *See* USSG App. A. The parties agreed that Defendant's base offense level was **22**. *See* USSG §2G2.2(a)(2) (stating a defendant's base offense level is 22 if he is

convicted of an offense that is not 18 U.S.C. § 1466A(b), § 2252(a)(4) or § 2252A(a)(5)).[2] The parties also agreed that a **two**-level upward adjustment was warranted pursuant to USSG §2G2.2(b)(2), because "the material involved a prepubescent minor or a minor who had not attained the age of [twelve] years"; a **four**-level upward adjustment pursuant to USSG §2G2.2(b)(4), because "the offense involved material that portray[ed] sadistic or masochistic conduct or other depictions of violence"; a **two**-level increase pursuant to USSG §2G2.2(b)(6), because "the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt or distribution of the material"; and a **five**-level increase pursuant to USSG §2G2.2(b)(7)(C), because "the offense involved . . . 600 or more images." The parties also agreed that Defendant appeared to qualify for a **three**-level reduction pursuant to USSG §3E1.1(a) and (b) for acceptance of responsibility.

At the Hearing, the court held that the agreed-upon adjustments were appropriate and made corresponding factual findings. In the Plea Agreement, Defendant stipulated to a factual basis for all of the upward adjustments. This brought Defendant's adjusted offense level to **32**.

---

[2] Count 1 of the Indictment and Count 1 of the Information were grouped together in accordance with USSG §3D1.2(d), because Defendant's offense behavior was ongoing and continuous in nature and the offense guideline was written to cover the behavior charged in those counts. *See* USSG §3D1.2(d) (stating that counts should be grouped together "if the offense behavior is ongoing or continuous in nature and the offense level is written to cover such behavior"); *see also id.* (stating that offenses covered by guideline §2G2.2 should be grouped). Because Count 1 of the Information resulted in the highest offense level, the court applied that offense level for the group. *See id.* §3D1.3(b) ("When the counts involve offenses of the same general type to which different guidelines apply, apply the offense guideline that produces the highest offense level.").

In the Plea Agreement, the parties agreed to litigate three issues: (1) whether Defendant was subject to a two-level decrease pursuant to USSG §2G2.2(b)(1); (2) whether Defendant was subject to a seven-level increase pursuant to USSG §2G2.2(b)(3); and (3) whether Defendant was subject to a five-level increase pursuant to USSG §2G2.2(b)(5). At the Hearing, however, the parties reached an agreement and withdrew all of their legal objections to the PSIR. Defendant also withdrew all of his factual objections to the individual statements of fact contained in the PSIR, except for the statement in the PSIR that a door in Defendant's residence was locked.

Thus, the parties agreed that Defendant (1) was not subject to a two-level decrease pursuant to USSG §2G2.2(b)(1); (2) was not subject to a seven-level increase pursuant to USSG §2G2.2(b)(3); and was subject to a five-level increase pursuant to USSG §2G2.2(b)(5). In the instant Sentencing Memorandum, the court explains its reasoning for not applying the two-level decrease pursuant to USSG §2G2.2(b)(1) and its reasoning for applying the five-level increase pursuant to USSG §2G2.2(b)(5).[3]

---

[3] The court was prepared to find that Defendant was subject to a seven-level increase pursuant to USSG §2G2.2(b)(3). Section 2G2.2(b)(3) states:

> If the offense involved . . .[d]istribution to a minor that was intended to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct, increase by **7** levels.

USSG §2G2.2(b)(3)(E). The government bears the burden to prove by a preponderance of the evidence that an increase is warranted pursuant to §2G2.2(b)(3). *See Bender*, 33 F.3d at 24 ("The government has the burden of proof with respect to the base offense level and any enhancing factors."); *see also United States v. Bah*, 439 F.3d 423, 426 n.1 (8th Cir. 2006) (noting that the court did not err in applying a preponderance of the evidence standard because it applied the Sentencing Guidelines in an advisory manner).

(continued…)

### A. *USSG §2G2.2(b)(1)*

Section 2G2.2(b)(1) provides:

> If . . . the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor . . . and the defendant did not intend to traffic in, or distribute, such material, decrease by **2** levels.

USSG §2G2.2(b)(1) (emphasis in original). Defendant must prove he is entitled to a decrease pursuant to USSG §2G2.2(b)(1) by a preponderance of the evidence. *See United States v. Bender*, 33 F.3d 41, 45 (8th Cir. 1994) ("The defendant has the burden to prove

---

[3](…continued)

The court was prepared to find that a seven-level upward adjustment was appropriate. The advisory Sentencing Guidelines define "distribution" as "any act, including possession with intent to distribute, production, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor." *Id*. at cmt. (n.1); *Clawson*, 408 F.3d at 558 n.1. Defendant clearly intended to distribute child pornography to a minor: he showed M.S. digital pictures of children and adults having sex with one another and a digital video of children having incestuous sex. USSG §2G2.2(b)(3)(E). He thereby "distributed" the child pornography to her, because he committed an "act . . . related to the transfer of material involving the sexual exploitation of a minor." USSG §2G2.2(b)(1), cmt. (n.1); *cf. Clawson*, 408 F.3d at 558 (finding defendant distributed child pornography to a minor where minor had "immediate knowledge of [the] existence and location" of zip disks containing child pornography). The advisory Sentencing Guidelines indicate that "distribution" includes "posting material involving the sexual exploitation of a minor on a website for public." USSG §2G2.2(b)(1); *Clawson*, 408 F.3d at 558 n.1. Defendant's conduct was similar to such an act, but far more direct. Instead of posting the child pornography on a website for the public, Defendant turned on his computer, loaded up the child pornography and directly displayed it to M.S. He thereby "distributed" it to her, as contemplated in §2G2.2(b)(3)(E). Defendant distributed the child pornography to M.S. in an attempt to persuade, induce, entice and coerce her to engage in prohibited sexual contact with him. USSG §2G2.2(b)(3)(E). Defendant was attempting to arouse, sexualize and desensitize M.S. into having illegal sex with him. Defendant distributed the child pornography to M.S. during his four-year long sexual abuse of her and in an attempt to "groom" her.

6

mitigating factors."); *cf. United States v. Makes Room*, 49 F.3d 410, 416 (8th Cir. 1995) (considering decrease for acceptance of responsibility and placing burden upon the defendant).

In his sentencing memorandum, Defendant initially contended he was entitled to the two-level reduction because his "conduct [was] limited to the receipt without intent to distribute." The government resisted the reduction. The government claimed Defendant was not entitled to a reduction because he made child pornography available for distribution through a peer-to-peer file sharing program called LimeWire and used child pornography on his computer to "groom" at least one victim of actual sexual abuse, M.S. At the Hearing, Defendant withdrew his objection to the PSIR and admitted his relevant conduct.

The court found Defendant's conduct was not limited to the receipt or solicitation of material involving the sexual exploitation of a minor. USSG §2G2.2(b)(1). To the contrary, Defendant sexually abused M.S. from 2001 until September of 2005. M.S. was twelve-years-old in 2005. At the Hearing, the government introduced Exhibit 2, a videotape of a September of 2005 interview with M.S.[4] In the video, M.S. alleged Defendant sexually abused her. The court found M.S. credible. Among other things, Defendant (1) touched M.S.'s bare breasts, butt and vagina area with his hands—on one occasion telling her that "Oh, your butt feels so soft like a baby's butt!"; (2) placed a vibrating dildo on her vaginal area; (3) digitally penetrated her vagina; (4) sucked her bare breast; (5) made her rub his bare penis; (6) masturbated and ejaculated in front of her; (7)

---

[4] Admission of hearsay at sentencing does not violate a defendant's Sixth Amendment Confrontation Clause rights. *United States v. Brown*, 430 F.3d 942, 943-44 (8th Cir. 2005) (distinguishing *Crawford v. Washington*, 541 U.S. 36 (2004)). Hearsay evidence remains admissible in sentencing as long as it bears some indicia of reliability. *United States v. Morin*, 437 F.3d 777, 781 (8th Cir. 2006).

placed his bare erect penis on her butt and vaginal area on the outside of her clothes and "humped her"; (8) asked her to suck his penis; and (9) put his tongue in her mouth and made her put her tongue in his mouth. Exhibit 2.

As part of his sexual abuse of M.S., Defendant showed M.S. digital pictures of children and adults having sex with one another and a digital video on his computer. *Id*. In the video, minor children—a brother and a sister—engaged in sexual intercourse with one another. *Id*. Defendant not only received and solicited child pornography, he used it to groom and sexually abuse a child. *Id*.

Defendant intended to traffic in, or distribute material involving the sexual exploitation of a minor. USSG §2G2.2(b)(1). "Distribution" is "any act, including possession with intent to distribute, production, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor." *Id*. at cmt. (n.1); *United States v. Clawson*, 408 F.3d 556, 558 n.1 (8th Cir.), *reh'g and reh'g en banc denied* (Aug. 15, 2005). Defendant clearly intended to distribute child pornography, i.e., intended to commit "any act . . . related to the transfer of material involving the sexual exploitation of a minor." USSG §2G2.2(b)(1), cmt. (n.1). Defendant showed the child pornography to M.S. and thereby intended to distribute it to her. *Cf. Clawson*, 408 F.3d at 558 (finding defendant distributed child pornography to a minor where minor had "immediate knowledge of [the] existence and location" of zip disks containing child pornography).

Defendant also intended to traffic in child pornography and distribute child pornography to others by offering his collection of child pornography to the public on the Internet via the LimeWire computer program. Defendant ran LimeWire on his computer and had child pornography in his shared folder. By placing child pornography in his shared folder and by running LimeWire, Defendant intended to barter his images of child

8

pornography in the expectation that he would receive other LimeWire users' images of child pornography. Indeed, Defendant admitted he used LimeWire to obtain some of his child pornography. Plea Agreement at ¶ 21(A). Therefore, Defendant intended to traffic in and distribute child pornography. *See United States v. Todd*, 100 Fed. Appx. 248, 250 (5th Cir. 2004) ("The LimeWire program was designed to share or barter files. . . . By downloading the images and making them accessible to others, [the defendant's] conduct met the definition of "trafficking" in section 2G2.2."), *vacated on other grounds*, 543 U.S. 1108 (2005); *cf. United States v. Horn,* 187 F.3d 781, 791 (8th Cir. 1999) (holding that "trading tapes [of child pornography] in order to augment [a defendant's] personal collection constitutes 'distribution'"); *United States v. Brown*, 333 F.3d 850, 853-54 (7th Cir. 2003) (holding that "trading" of child pornography is "distribution" for purposes of §2G2.2(b)(2)); *United States v. Williams*, 253 F.3d 789, 795-96 (4th Cir. 2001) (holding that "mail[ing] [child] pornography to [another] in the expectation [of] receiv[ing] similar materials in return" constituted "distribution" for purposes of §2G2.2(b)(2)).

Accordingly, the court held Defendant was not entitled to a two-level decrease pursuant to USSG §2G2.2(b)(1).

### *B. USSG §2G2.2(b)(5)*

Section 2G2.2(b)(5) provides:

> If the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by **5** levels.

USSG §2G2.2(b)(5) (emphasis in original). The government bears the burden to prove by a preponderance of the evidence that an increase is warranted pursuant to §2G2.2(b)(5). *See Bender*, 33 F.3d at 24 ("The government has the burden of proof with respect to the base offense level and any enhancing factors.").

By his own admissions, Defendant "engaged in a pattern of activity involving the

sexual abuse or exploitation of a minor" when he sexually abused M.S. Although Defendant initially denied that he engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, he withdrew his objection at the Hearing.

The advisory Sentencing Guidelines define a "[p]attern of a activity involving the sexual abuse or exploitation of a minor" as:

> any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct.

USSG §2G2.2, cmt. (n.1). A "pattern of activity" may include acts of sexual abuse or exploitation committed before the charged offense. *United States v. Ashley*, 342 F.3d 850, 852 (8th Cir. 2003) (citing *United States v. Anderton*, 136 F.3d 747, 750 (11th Cir. 1998)). The conduct considered for the enhancement "'is broader than the scope of relevant conduct typically considered under §1B1.3.'" *Id.* (quoting U.S. Sentencing Comm'n Guidelines Manual, App. C, at 373).

The court found that Defendant engaged in a pattern of activity involving the sexual abuse and exploitation of a minor. As indicated, over an approximate four-year period and on numerous separate occasions, Defendant slept with children and (1) touched M.S.'s bare breasts, butt and vagina area with his hands—on one occasion telling her that "Oh, your butt feels so soft like a baby's butt!"; (2) placed a vibrating dildo on her vaginal area; (3) digitally penetrated her vagina; (4) sucked her bare breast; (5) made her rub his bare penis; (6) masturbated and ejaculated in front of her; (7) placed his bare erect penis on her butt and vaginal area on the outside of her clothes and "humped her"; (8) asked her to suck his penis; and (9) put his tongue in her mouth and made her put her tongue in his mouth. Exhibit 2. As part of his sexual abuse of M.S., Defendant brought M.S. to his computer

and showed her digital pictures of children and adults having sex with one another and a digital video involving minor children engaging in incestuous sexual intercourse with one another. *Id.* Defendant sexually abused and exploited M.S. on more than two separate occasions, USSG §2G2.2, cmt. (n.1), and thereby engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. USSG §2G2.2.

Accordingly, the court found Defendant was subject to a five-level increase pursuant to USSG §2G2.2(b)(5). This brought Defendant's adjusted offense level to **37**.

## V. CONCLUSION

The court found that **Defendant's base offense level under the advisory Sentencing Guidelines was 22**. USSG §2G2.2(a)(2). Defendant was subject to a **two**-level upward adjustment pursuant to USSG §2G2.2(b)(2); a **four**-level upward adjustment pursuant to USSG §2G2.2(b)(4); a **five**-level increase pursuant to USSG §2G2.2(b)(5); a **two**-level increase pursuant to USSG §2G2.2(b)(6); and a **five**-level increase pursuant to USSG §2G2.2(b)(7)(C). Defendant qualified for a **three**-level reduction pursuant to USSG §3E1.1. Accordingly, the court found Defendant's **adjusted offense level was 37**. Because Defendant was **Criminal History Category I**, the court found that **Defendant's advisory Sentencing Guidelines range was 210-262 months' imprisonment.** *See* USSG Sentencing Table. However, the statutory maximum sentences for Count 1 of the Indictment and Count 1 of the Information are 10 years' and 20 years' imprisonment, respectively. **Therefore, Defendant's advisory Guidelines sentence became 120 months' imprisonment on Count 1 of the Indictment and 210-240 months' imprisonment on Count 1 of the Information.** *See* USSG §5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."); *see, e.g., United States v. Jakoubek*, 411 F.3d 951, 955 (8th Cir.) (discussing

USSG §5G1.1(a) in a post-*Booker* world), *cert. denied*, 126 S. Ct. 578 (2005).

**IT IS SO ORDERED.**

**DATED** this 28th day of August, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA